IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CONTESSA CLARK MCCLOUD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  3:23-cv-402-ECM-CWB |
| ) | |
| CENTRAL ALABAMA HEALTH CARE ) | |
| VA, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Central Alabama Health Care VA and Denis McDonough have asked the court to direct Plaintiff to file a more definite statement of her claims, *i.e.*, they assert that the Complaint is an impermissible "shotgun pleading."  (Doc. 39).  For the reasons set forth below, the undersigned recommends that the motion be granted to the extent it seeks a more definite statement.  The undersigned recommends that the motion be denied, however, to the extent it alternatively seeks a dismissal of Plaintiff's claims.

**I.       Legal Standard**

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint satisfy three elements.  First, the complaint must provide "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support."  Fed. R. Civ. P. 8(a)(1).  Second, the complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  And third, the complaint must contain "a demand for the relief sought, which may include relief in the alternative or different types of relief."  Fed. R. Civ. P. 8(a)(3).

1

Rule 10 of the Federal Rules of Civil Procedure additionally requires that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances" and that "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence … must be stated in a separate count … ." Fed. R. Civ. P. 10(b).

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). "A shotgun pleading is one where 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.'" *Nurse v. Sheraton Atlanta Hotel*, 618 F. App'x at 987, 990 (11th Cir. 2015) (citation omitted). The Eleventh Circuit has identified four types of shotgun pleadings: (1) pleadings that "contain[ ] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;" (2) pleadings that are "guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" (3) pleadings that "commit[ ] the sin of not separating into a different count each cause of action or claim for relief;" and (4) pleadings that commit "the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1321-23 (footnotes omitted).

*Pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys" and are to be liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). Yet it has been made clear that a court does not have "license ... to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v.*

*Iqbal*, 556 U.S. 662 (2009). It is further recognized that a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Pursuant to Rule 12(e), a defendant may file a motion seeking "a more definite statement" with respect to a complaint "which is so vague or ambiguous that the [defendant] cannot reasonably prepare a response." Rule 12(e) thus provides the appropriate recourse for a defendant to challenge a shotgun pleading. *See Weiland*, 792 F.3d at 1322 n.10 (citation omitted); *see also Boatman v. Sawyer*, No. 20-12189, 2021 WL 4702578, *2 (11th Cir. Oct. 7, 2021) ("When faced with a shotgun pleading, a district court must order a litigant to replead and to make a more definite statement of the claim. … When the amended complaint still fails to cure the deficiency, the complaint may be subject to dismissal.") (citing *Byrne v. Nezhat*, 261 F.3d 1075, 1129 (11th Cir. 2001), *abrogated on other grounds by Douglas Asphalt Co.v. QORE, Inc.*, 657 F.3d 1146 (11th Cir. 2011).

**II.     Discussion**

As the court previously observed (Doc. 21 at p. 2), the Complaint appears to arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* Beyond that, however, the Complaint is difficult to follow from a legal or factual standpoint and can fairly be said to constitute a shotgun pleading: it is not divided into counts or causes of action; it is filled with vague, rambling, and confusing factual allegations not tied to any federal, state, or local law; and it does not specify which allegations apply to which of the defendants. All such characteristics have been deemed insufficient "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323. In short, the Complaint does not contain sufficient structure or content to permit

meaningful evaluation and response by the defendants. *Barmapov v. Amuial*, 986 F3d 1321, 1324 (11th Cir. 2021) ("The 'self-evident' purpose of [Rules 8(a)(2) and 10(b)] is 'to require the pleader to present his claims discretely and succinctly, so that[ ] his adversary can discern what he is claiming and frame a responsive pleading.'") (quoting *Weiland*, 792 F.3d at 1320) (quoting in turn *T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1544 n.14 (11th Cir. 1985)).  Nor does the Complaint currently put the court in a position to determine "which facts support which claims," "whether the plaintiff has stated any claims upon which relief can be granted," and "whether evidence introduced at trial is relevant." *Weiland*, 792 F.3d at 1320 (citation omitted).

## III.   Conclusion

For the reasons stated above, it is the **RECOMMENDATION** of the Magistrate Judge that the pending motion (Doc. 39) be **GRANTED** as to the request for a more definite statement but **DENIED** as to the request for a dismissal.  It is further recommended that Plaintiff be directed to file an Amended Complaint that complies with the Federal Rules of Civil Procedure and the following requirements:

   a. the Amended Complaint must include a short and plain statement of Plaintiff's federal claims (whether brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, or otherwise);

   b. the Amended Complaint must identify any state law claim(s) that Plaintiff is attempting to assert;

   c. the Amended Complaint must set out whether Plaintiff has exhausted administrative review of her claims where required;

   d. the Amended Complaint must contain specific factual allegations about each defendant's conduct (*i.e.*, what actions each defendant took that constitute the claims being alleged by Plaintiff), clearly indicating which specific factual allegations provide support for which claim(s) against which defendant(s) and noting the relevant dates and locations of all such actions;

    e. the Amended Complaint must be set out in numbered paragraphs, with each paragraph being succinct and limited as far as practicable to a specific set of circumstances;

    f. the Amended Complaint must set out each claim in a separate count and include within any such count only the facts relevant to the claim being asserted therein;

    g. the Amended Complaint must contain a demand for relief;

    h. the Amended Complaint must exclude all generalized and immaterial facts, statements, and allegations not specifically related to Plaintiff's claims for relief; and

    i. The Amended Complaint must be executed by Plaintiff consistent with Rule 11 of the Federal Rules of Civil Procedure.[1]

It is **ORDERED** that any objections to this Recommendation must be filed by **January 10, 2024**. An objecting party must identify the specific portion of any factual findings or legal conclusions to which objection is made and must describe in detail the basis for the objection(s). Frivolous, conclusive, or general objections will not be considered.

---

[1] Rule 11 provides in part:

> By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery;
> ***

Fed. R. Civ. P. 11(b). "Rule 11 applies to pro se plaintiffs[.]" *Meidinger v. Healthcare Indus. Oligopoly*, 391 F. App'x 777, 778 (11th Cir. 2010) (citing *Thomas v. Evans*, 880 F.2d 1235, 1240 (11th Cir. 1989)). A failure to adhere to Rule 11 can lead to the imposition of sanctions against the offending party, including monetary sanctions. *Id.*

After receiving all objections, the District Judge will conduct a *de novo* review of the findings or recommendations to which objection is made. The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings. *See* 28 U.S.C. § 636(b)(1)(C). A party shall be deemed to have waived the right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to findings or recommendations. The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice. *See* 11th Cir. R. 3-1. No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit. A party may appeal only from a final judgment ultimately entered by the District Judge.

**DONE** this the 27th day of December 2023.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**