IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CONTESSA CLARK MCCLOUD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:23-cv-402-RAH |
| | ) | |
| | ) | |
| CENTRAL ALABAMA HEALTH | ) | |
| CARE VA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

On July 10, 2024, the Magistrate Judge recommended that this action be dismissed because the Plaintiff's operative complaint failed to comply with the basic requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure in that the complaint was a shotgun pleading. (Doc. 60.) On July 23, 2024, the Plaintiff filed evidentiary submissions, which this Court construes as including Objections, (doc. 61.), to the Magistrate Judge's Report and Recommendation, (doc. 60).

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo.* 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). *De novo* review requires that the district

1

court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990); *see also United States v. Opie*, 347 F. App'x 495, 499 n.1 (11th Cir. 2009). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific to warrant *de novo* review. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 783–85 (11th Cir. 2006). Otherwise, a Report and Recommendation is reviewed for clear error. *Id.*

    Here, Plaintiff's Objections consist largely of prior court filings and evidentiary records. The Objections fail to provide a legal basis as grounds for objecting and fail to identify which parts of the Report and Recommendation Plaintiff is objecting to. A pro se litigant must do more than merely raise an issue in a perfunctory manner, without supporting arguments and citation to authorities, to avoid dismissal. *See N.L.R.B. v. McClain of Ga., Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998); *see also Faretta v. California*, 422 U.S. 806, 834 n.46 (1975) (noting that a pro se litigant must follow the court's procedure and its rules of evidence). We will not scour the record or formulate arguments for a litigant appearing pro se, and all issues that are not briefed are abandoned. *Borden v. Cheaha Reg'l Mental Health Ctr., Inc.*, 760 F. App'x 828, 830 (11th Cir. 2019); *see Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008); *see also T.P. ex rel. T.P. v. Bryan Cnty. Sch. Dist.*, 792 F.3d 1284, 1291 (11th Cir. 2015) ("[A]ppellate courts do not sit as self-directed

boards of legal inquiry and research[.]"). Consequently, this Court agrees with the Magistrate Judge that this action should be dismissed.

Accordingly, upon an independent review of the record, it is hereby **ORDERED** as follows:

1. The Recommendation (Doc. 60) is **ADOPTED**;

2. The Motion to Dismiss (Doc. 52) is **GRANTED**; and,

3. This case is **DISMISSED WITH PREJUDICE**.

**DONE**, on this the 6th day of January 2024.

_____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE